## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA**
**ex rel. Aly Gadalla, M.D.**

**Relator/Plaintiff,**

**v.**                                          **Civil Action No.:** 12-cv-1259-JAR-JPO

**DR. JOSEPH GALICHIA**
**2600 North Woodlawn St.**
**Wichita, KS 67220**                           **FILED UNDER SEAL**

**Unnamed Physicians**
**2600 North Woodlawn St.**
**Wichita, KS 67220**

**The Galichia Medical Group, PA**
**2600 North Woodlawn**
**Wichita, KS 67220**
**Register Agent**
**Joseph P. Galichia, MD**
**2600 North Woodlawn**
**Wichita, KS 67220**

_____/

## FALSE CLAIMS ACT COMPLAINT

This is an action to recover damages and civil penalties on behalf of the United States of America ("United States") by Relator/Plaintiff Aly Gadalla, M.D., by and through his attorneys, Kenneth J. Haber, Esq., 15879 Crabbs Branch Way, Rockville, MD 20855, and Larry Wall, Esq., 2024 North Woodlawn, Suite 406, Wichita, KS 67208, arising out of false claims presented by Defendants herein, under the Medicare program and other Federal Healthcare

1

Programs.  All Defendants are jointly and severally liable.

## JURISDICTION AND VENUE

1.   This action arises under the provisions of 31 U.S.C. §§3729 *et seq.*, commonly called the False Claims Act ("FCA").  The FCA provides, among other things, that the United States District Courts have exclusive subject matter jurisdiction over actions brought under it.

2.   Under 31 U.S.C. §3732(a), "[a]ny action under Section 3730 may be brought in any judicial district in which the defendant . . . can be found, resides, transacts business, or in which any act proscribed by Section 3729 occurred."

3.   Upon information and belief, the acts and omissions complained of herein occurred in various locations in Kansas, including but not limited to the cities of Wichita, Syracuse, Osborne, Russell, Great Bend, Dodge City, Coldwater, Salina, Ellinwood, Hutchinson, Winfield, Independence, Arkansas City, Girard, Pittsburg, Parsons, and Fredonia, Kansas, as well as possibly elsewhere.

4.   Under Subsection 3730(b)(2) of the FCA, this Complaint is to be filed in camera and to remain under seal for a period of at least sixty (60) days and shall not be served on the Defendants until the court so orders.  The United States may elect to intervene and proceed with the action within sixty (60) days after it receives both the Complaint and the material evidence and information.

## PARTIES TO THE ACTION

5.   Qui tam Plaintiff/Relator Aly Gadalla, M.D., (hereinafter "Gadalla" and/or "relator") is a citizen and resident of the State of Kansas. He specializes in internal medicine and is

licensed to practice such in the state of Kansas. Relator Gadalla brings this action on behalf of the United States and himself. He works for HCAPS which is affiliated with HCA Holdings, Inc. [hereafter, HCA] and he is a resident of Wichita, Kansas.

6.  As required by Subsection 3730(a)(2) of the FCA, Relator has provided both the Attorney General and the United States Attorney In the United States District Court for the District of Kansas, simultaneous with the filing of this Complaint, a statement of all material evidence and information which he possesses and that relates to the issues raised in this Complaint. The statement of evidence and information substantially supports the allegations made in the Complaint.

7.  Defendant Dr. Joseph Galichia, M.D., (hereinafter Galichia and/or "Defendant" Galichia) is a citizen and resident of Kansas. He is a Medical Doctor, licensed to practice in the state of Kansas.

8.  Defendant Galichia is and has been a director and shareholder of Defendant The Galichia Medical Group, P.A. (hereinafter, GMED or Defendant GMED or jointly and severally with all other defendants as "Defendants") since 1983. Defendant GMED was previously known as Galichia Cardiovascular Group, PA and Joseph P Galichia, MD PA.

9.  Defendant GMED is a private practice group of cardiologists, electrophysiologists, internists, geriatricists, gastroenterologists, nuclear cardiologists, interventionalists, and endocrinologists, which was organized by Defendant Galichia in 1983.

10.  Since 1983, Defendant GMED is an entity that provides for comprehensive medical services including, but not limited to cardiology, electrophysiology, internal medicine, family practice, geriatrics, gastroenterology, nuclear cardiology, vascular medicine, and endocrinology services to all of Wichita's hospitals and throughout the State of Kansas.

11.   Defendant GMED employs a variety of practitioners.

12. Various practitioners of Defendant GMED know of the acts and omissions cited herein as committed by Defendants Galichia and GMED and these practitioners did aid and abet them in their illegal acts.

13.   Defendant GMED's main office address is 2600 North Woodlawn St., Wichita, Kansas 67220.

14.   Defendant GMED operates offices and/or clinics in various areas of Kansas, including but not limited to:  Wichita [2600 North Woodlawn St., Wichita, KS 67220]; Parsons [1509 Main St., Parsons, KS 67357]; and Fredonia Kansas [1525 Madison St. Ste. 1, Fredonia, KS 66736].  In addition, GMED provides cardiology services to certain Kansas communities with satellite clinics throughout the State.

15.   Defendant Galichia and Defendant GMED provide and have rendered medical and cardiology services, tests, and items to patients and received and have received payments for those services through private pay and public methods, including, but not limited to, Medicare and other federal healthcare programs.

16.   Defendant GMED is a professional association organized under the laws of the State of Kansas.

17.   Defendant Galichia is the principal owner, director and founder of Defendant The Galichia Medical Group, P.A., in Wichita, Kansas.  Defendant Galichia, via these stated positions, is an agent of Defendant GMED and acts on behalf of Defendant GMED.

18. Defendant Galichia has interests separate and apart of Defendant GMED.

19. Defendant Galichia was previously an owner of Galichia Cardiovascular Group, P.A., and Joseph P. Galichia, MD, PA which is now The Galichia Medical Group, P.A. (GMED).

4

20.   Since about 1983, Defendant Galichia has held privileges at and rendered services at various Kansas Hospitals, including but not limited to Galichia Heart Hospital, LLC [now, GHH Enterprises, LLC].

## REIMBURSEMENT PROVISIONS FOR PHYSICIAN SERVICES UNDER THE MEDICARE PROGRAM

21.   The United States Department of Health and Human Services ("DHHS") administers federal Medicare programs under the Social Security Act ("the Act").

22.   The Medicare program reimburses physicians for covered services and items rendered when they are determined to be medically necessary and reasonable.

23.   Other professional and ancillary services and items are reimbursed for by Medicare when rendered to a patient as part of a covered medically necessary and reasonable service.

24.   The Medicare program does not pay for services and items rendered by a physician or others if those services are unreasonable or not medically necessary.

25. Medicare reimburses physicians for cardiac services.

26. Under appropriate circumstances, hospitals are reimbursed by Medicare for ancillary non-physician services and items in part based upon amount, time and/or volume used in the rendering of the surgical and medical services, items and operating rooms, as well as global hospital charges based upon diagnosis.

## RELATOR'S STATEMENT OF FACTS

27.   Relator, Aly Gadalla, M.D, was hired by Defendant GMED as an internist starting in 2003.  The allegations contained in this complaint are based upon the direct, independent, and personal knowledge of Dr. Aly Gadalla, M.D. and based upon his information and belief,

obtained from his direct, independent, and personal knowledge predicated upon his observations of, experiences at and conversations concerning the various Defendants.

28. Defendant Galichia, and various associates of his, owned Galichia Heart Hospital, LLC [Galichia Heart Hospital].

29. Defendant Galichia and his co-owners sold Galichia Heart Hospital, LLC, to HCA Holdings, Inc. [HCA]

30. On or about February 1, 2012, HCA closed and finalized the purchase of the corporate entity known as Galichia Heart Hospital, LLC, from Defendant Galichia and his co-owners.

31. As of February 1, 2012, HCA became owner of and owns Galichia Heart Hospital, LLC and renamed it GHH Enterprises, LLC and affiliated it with Wesley Medical Center which is also owned by HCA and conducts the business of GHH Enterprises, LLC, as Galichia Heart Hospital. HCA publicly affiliates Galichia Heart Hospital with Wesley Medical Center.

32. Prior to the sale of the Galichia Heart Hospital, LLC, to HCA, Relator Gadalla and various other physicians formerly worked under the Kansas Physician Group, LLC, (KPG) at Galichia Heart Hospital, LLC. Prior to the sale, Galichia Heart Hospital, LLC, was run and owned by Defendant Galichia and his associates. Prior to the sale, Galichia Heart Hospital, LLC, owned KPG.

33. Now Relator Aly Gadalla, M.D., works as an internist at Galichia Heart Hospital [GHH Enterprises, LLC] but is a member of the physician group HCAPS which is affiliated with HCA.

34. Starting on a date to be determined and continuing to the present, Defendant Galichia and Defendant GMED have rendered (and continue to render), at Galichia Heart

Hospital, medically unnecessary and unreasonable cardiologic and other medical services and items to Medicare and other federal healthcare patients, including but not limited to medically unnecessary and unreasonable cardiac stents, stent procedures and related medical and hospital tests, services and items. This includes up to 35 cardiac stents rendered and surgically inserted into one patient.

35. Starting on a date to be determined and continuing to the present, Defendant Galichia and Defendant GMED caused and causes Galichia Heart Hospital similarly to render medically unnecessary and unreasonable services and items arising from and ancillary to the Defendants medically unnecessary and unreasonable procedures, stents and other cardiac and medical services, tests and items.

36. Starting on a date to be determined and continuing to the present, both Defendant Galichia and Defendant GMED have billed and caused to be billed Medicare and the federal health care programs and have received reimbursement for medically unnecessary and unreasonable services and items.

37. Starting on a date to be determined and continuing to the present, both Defendant Galichia and Defendant GMED have caused Galichia Heart Hospital and KPG to bill Medicare and the federal health care programs and have caused Galichia Heart Hospital and KPG to receive reimbursement for medically unnecessary and unreasonable services and items rendered by said hospital and KPG ancillary to Defendants medically unnecessary and unreasonable services and procedures.

## CLAIMS Nos. TO BE DETERMINED

### Billing For Unnecessary Medical Services

Relator re-asserts, re-alleges, and incorporates herein by reference the allegations contained in Paragraphs 1 through 37, as if fully set forth herein.

38. Defendant Joseph Galichia and Defendant GMED, on or about such dates set out below and pertaining to specific patients set out below, did knowingly and in reckless disregard of the truth and falsity of the information, present, and cause to be presented to officers and employees of the United States Government, claims for payment and approval from Medicare and the other Federal Health Care Programs for the services and items that were medically unnecessary and unreasonably as rendered by the Defendants and caused by the Defendants to be rendered by KPG, Galichia Heart Hospital, LLC and GHH, LLC, including but not limited to cardiac services, procedures, stents, and ancillary hospital services, items and procedures on Medicare and other federal healthcare patients that were false and fraudulent in that they were unreasonable and not medically necessary as described in this complaint, and Defendants knew them to be medically unnecessary and unreasonable.

### CLAIMS 1 THROUGH 6

39. As set out above in paragraph number 38, on or about dates to be determined, the defendants did render and caused to be presented and billed claims for six (6) medically unnecessary and unreasonable stents to patient GH.

### CLAIMS 7 THROUGH 33

40. As set out above in paragraph number 38, on or about 6/15/10 and 3/11/12, defendants did render and caused to be presented and billed claims for twenty-six (26) medically unnecessary and unreasonable stents to patient GW.

8

CLAIMS 34 THROUGH 54

41. As set out above in paragraph number 38, on or about 10/20/10, the defendants did render and caused to be presented and billed claims for twenty (20) medically unnecessary and unreasonable stents to patient SB.

CLAIMS 55 THROUGH 70

42. As set out above in paragraph number 38, on or about 4/16/10, 6/10/10, and 6/21/11 the defendants did render and caused to be presented and billed claims for twenty-five (25) medically unnecessary and unreasonable stents to patient LZ.

CLAIMS 71 THROUGH 81

43. As set out above in paragraph number 38, on or about dates to be determined the defendants did render and caused to be presented and billed claims for ten (10) medically unnecessary and unreasonable stents to patient SB2.

CLAIMS 82 THROUGH 129

44. As set out above in paragraph number 38, on or about dates to be determined the defendants did render and caused to be presented and billed claims for six (6 )medically unnecessary and unreasonable stents to patient VK.

CLAIMS 130 THROUGH 136

45. As set out above in paragraph number 38, on or about dates to be determined the defendants did render and caused to be presented and billed claims for six (6) medically unnecessary and unreasonable stents to patient LB.

CLAIM 137

46. As set out above in paragraph number 38, on or about 4/27/12 the defendants did render and caused to be presented and billed a claim for one medically unnecessary and

unreasonable upper endoscopy procedure to patient JH.

CLAIM Nos. To Be Determined

47. As set out above in paragraph number 38, on a date to be determined the defendants did render and caused to be presented and billed a claim for a number to be determined medically unnecessary and unreasonable heart catheterization procedure to patient KH.

CLAIMS Nos. To Be Determined

48. As set out above in paragraph number 38, on or about 4/13/10 the defendants did render and caused to be presented and billed claims for a number to be determined medically unnecessary and unreasonable stents to patient RK.

CLAIMS Nos. To Be Determined

49. As set out above in paragraph number 38, on or about 7/15/10 defendants did render and caused to be presented and billed claims for a number to be determined medically unnecessary and unreasonable stents to patient GD.

CLAIMS Nos. To Be Determined

50. As set out above in paragraph number 38, on or about 4/19/10 the defendants did render and caused to be presented and billed claims for a number to be determined medically unnecessary and unreasonable stents to patient DK.

CLAIMS Nos. To Be Determined

51. As set out above in paragraph number 38, on or about 4/24/10 the defendants did render and caused to be presented and billed claims for a number to be determined medically unnecessary and unreasonable stents to patient RT.

CLAIMS Nos. To Be Determined

52. As set out above in paragraph number 38, on or about 4/16/10 the defendants did

render and caused to be presented and billed claims for a number to be determined medically unnecessary and unreasonable stents to patient RH.

## CLAIM No. TO BE DETERMINED

### Conspiracy

Relator re-asserts, re-alleges, and incorporates herein by reference the allegations contained in Paragraphs 1 through 52, as if fully set forth herein.

53. From a time to be determined and continuing until the present, Defendants Joseph Galichia, on his own behalf and separately on behalf of Defendant GMED, Defendant GMED and other unknown additional parties did combine, conspire and agree together and with each other to defraud the United States by violating 31 U.S.C. § 3729(a)(1)(A) and (a)(1)(B) for the purpose of obtaining and aiding to obtain payment from the government and approval of a claim against the government and use of false claims against the government; all in violation of 31 U.S.C. § 3729(a)(1)(C), as set out in the preceding paragraphs herein which are fully incorporated herein by reference.

### Overt Acts

54. In furtherance of and to effect the object of the above cited conspiracy, the acts charged in paragraphs 1 through 53 which were committed by the various Defendants herein are alleged and incorporated herein as if fully set out as overt acts.

## CLAIMS Nos. TO BE DETERMINED

### Billing For Unnecessary Medical Services

Relator re-asserts, re-alleges, and incorporates herein by reference the allegations contained in Paragraphs 1 through 54, as if fully set forth herein.

55.    Defendant Joseph Galichia and GMED, on or about such dates to be determined and continuing to the present, and pertaining to specific patients to be determined, the record being in the possession of the Defendants, did knowingly and in reckless disregard of the truth and falsity of the information, present, and cause to be presented to officers and employees of the United States Government, claims for payment and approval from Medicare and the other Federal Health Care Programs for the administration of medically unnecessary testing and services on Medicare patients that were false and fraudulent in that they were unreasonable and not medically necessary as described in this complaint, and Defendants knew them to be medically unnecessary and unreasonable.

56. The above pertains to claims in a number to be determined upon discovery.


## CAUSATION AND DAMAGES AS TO ALL CLAIMS FOR RELIEF

57.    As a direct and proximate result of the foregoing, the United States Government has incurred substantial costs and has suffered substantial damages, as stated herein and to be further presented at trial.

58.    As a direct and proximate result of the foregoing, the United States Government has incurred substantial costs and has suffered substantial damages, due to Defendants' scheme and artifice to defraud the Medicare program as stated herein.

59.    As a direct and proximate result of the foregoing, the Medicare program has

expended substantial funds in reimbursing Defendants for the claims presented, which

Defendants were not entitled to receive.

60.  As a direct and proximate result of the foregoing, the Medicare program and other

government healthcare programs have been harmed by Defendants' scheme and artifice to

defraud, as stated herein, practiced against the United States Department of Health and Human

Services and other government agencies.

61.  As a direct and proximate result of the foregoing, Defendants are continuing to be

reimbursed from Medicare and other government programs at amounts substantially greater than

the Government programs ought to be charged, and in amounts to be determined, with additional

damages to program beneficiaries for inflated co-payments.

## DEMAND FOR JURY TRIAL AND PRAYER FOR RELIEF

Relator/Plaintiff respectfully demands a jury trial and prays for judgment against each

Defendant named herein, as follows:

(a)  That by reason of the violations of the False Claims Act as set out in this Complaint,

this Court enter judgment against Defendants in an amount equal to three (3) times the amount of

damages the United States Government has sustained because of Defendants' actions, plus a civil

penalty of not less than Five Thousand Dollars ($5,000.00) and not more than Ten Thousand

Dollars ($10,000.00) for each violation of 31 U.S.C. §3729;

(b)  That Relator, as Qui Tam Plaintiff, be awarded the maximum amount allowed

pursuant to Section 3730(d) of the False Claims Act and/or any other applicable provision of

law;

(c)   That Relator be awarded all costs of this action, including reasonable attorneys' fees and costs of bringing this suit;

(d)   That equitable relief be issued to prevent future violations by the Defendants;

(e)   That Relator/Plaintiff has such other relief as this Court deems just and proper; and

(f)   That Relator/Plaintiff wishes to designate Wichita, Kansas as the venue for trial in this matter.

Respectfully Submitted,

_Larry Wall_

Larry Wall, Esq.
Bar No.: 7732
Wall Huntington
2024 North Woodlawn, Suite 406
Wichita, KS 67208
Tel: (316) 265-6000
Email: larry@whtriallaw.com
Attorney for Relator/Plaintiff